14-3325-cr
United States v. Dooley

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand fifteen.

PRESENT: RALPH K. WINTER,
        JOHN M. WALKER, JR.,
        DENNIS JACOBS,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA
        Appellee,

        -v.-                        14-3325-cr

JOHN L. DOOLEY,
        Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          George E. Baird and Molly Corbett, for Lisa Peebles, Federal Public Defender for the Northern District of New York, Albany, New York.

FOR APPELLEE:           Rajit S. Dosanjh, Jeffrey C. Coffman, and Steven D. Clymer,

1

for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

John L. Dooley appeals from the judgment of the United States District Court for the Northern District of New York (McAvoy, J.), imposing the statutory minimum sentence--a 540-month term of incarceration--for the following sex crimes: attempted enticement of a minor (120-month mandatory minimum); attempted enticement of a minor for the purpose of producing child pornography (420-month mandatory minimum, given Dooley's prior convictions for sex offenses against children); and committing a felony involving a minor while under an obligation to register as a sex offender (120-month mandatory consecutive). See 18 U.S.C. §§ 2422(b), 2251(a), (e), 2260A. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Dooley argues that his sentence violates the Eighth Amendment because the length of incarceration is disproportionate to the seriousness of his crimes. We review de novo whether a statutory minimum sentence violates the Eighth Amendment. United States v. Reingold, 731 F.3d 204, 210 (2d Cir. 2013). We "must begin by comparing the gravity of the offense and the severity of the sentence"; only "[in] the rare case in which [this] threshold comparison . . . leads to an inference of gross disproportionality" may we engage in a comparative analysis with other sentences. Graham v. Florida, 560 U.S. 48, 60 (2010) (citation and internal quotation marks omitted).

Here, given the depravity of Dooley's attempted sexual conduct and his history of sexual predations against children, we conclude that a 540-month term of incarceration is not disproportionate--much less grossly disproportionate--to the seriousness of his crimes.

For the foregoing reasons, and finding no merit in Dooley's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK